1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   | ROSEMARIE V.,                    Case No.  21-cv-02192-AGT

8   |              Plaintiff,

9   |        v.                        **ORDER GRANTING PLAINTIFF'S**
                                       **MOTION FOR ATTORNEYS' FEES**
10  | KILOLO KIJAKAZI,
                                       Re: Dkt. No. 36
11  |              Defendant.

12

13        Plaintiff, the prevailing party in this social-security case, has moved for an award of

14   attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

15   Dkt. 36.  Defendant opposes the motion on the sole basis that the amount of fees requested,

16   $27,752.97, is unreasonable.  Dkt. 37.  As explained below, the Court finds that the amount

17   plaintiff seeks is reasonable and therefore grants her motion.

18                                        * * *

19        When awarding attorneys' fees under the EAJA, a district court must determine the

20   reasonableness of the fees sought.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  "The

21   most useful starting point for determining the amount of a reasonable fee is the number of hours

22   reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.* (quoting

23   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The appropriate number of hours includes "all

24   time reasonably expended in pursuit of the ultimate result achieved in the same manner that an

25   attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a

26   matter."  *Hensley*, 461 U.S. at 431.  The fee applicant "must exercise 'billing judgment,' i.e., the

27   fees must be for services for which a private client would pay."  *Valle v. Berryhill*, 2018 WL

28   1449414, at *2 (N.D. Cal. Jan. 18, 2018) (citing *Hensley*, 461 U.S. at 434 ("Hours that are not

United States District Court
Northern District of California

1   properly billed to one's client also are not properly billed to one's adversary pursuant to statutory

2   authority.")).  Courts should generally "defer to the winning lawyer's professional judgment as to

3   how much time he was required to spend on the case."  *Moreno v. City of Sacramento*, 534 F.3d

4   1106, 1112 (9th Cir. 2008).  An applicant may also be awarded fees for hours spent litigating an

5   EAJA fee award.  *See I.N.S. v. Jean*, 496 U.S. 154, 166 (1990).

6          Here, plaintiff has submitted declarations from the two attorneys at Bay Area Legal Aid

7   who worked on her appeal: Roselee Molloy, who billed 75.25 hours of time on this matter, and

8   Joanna Parnes, who billed 45 hours of time.  *See* Dkt. 36-4 (Molloy Decl.) & Dkt. 36-5 (Parnes

9   Decl.).  Defendant does not dispute that plaintiff's counsel's hourly rates are reasonable under

10  Ninth Circuit standards—$217.54 for 2021 and $231.49 for 2022.[1]  *See* Dkt. 36-1 at 7 & n.2;

11  Statutory Maximum Rates Under the EAJA, https://www.ca9.uscourts.gov/attorneys/statutory-

12  maximum-rates/ (citing 28 U.S.C. § 2412(d)(2)(A)).  Instead, defendant objects to the requested

13  fees as unreasonable and excessive because plaintiff's counsel "are experienced social security

14  practitioners who should not have needed so much more than the average time (30 hours) that a

15  plaintiff's attorney typically spends on a district court social security case to draft arguments for

16  six issues commonly raised in such cases, none of which in this case was particularly unusual or

17  complex."  Dkt. 37 at 3.  Defendant maintains that awarding plaintiff "a third of [the requested]

18  amount—$9,250.99—would be generous compensation in this case."  *Id.* at 5.  The Court

19  disagrees, and finds that plaintiff is entitled to the full amount of requested fees for the following

20  reasons.

21         First, it is "an abuse of discretion to apply a de facto policy limiting social security

22  claimants to twenty to forty hours of attorney time in 'routine' cases."  *Costa v. Comm'r of Soc.*

23  *Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012).  Rather, the determination of "how much time

24  an attorney can reasonably spend on a specific case . . . will always depend on case-specific

25  factors including, among others, the complexity of the legal issues, the procedural history, the size

26

27  ───────────────

28  [1] Plaintiff's counsel billed 6 hours of time in 2021 (6 x $217.54 = $1,305.24) and 114.25 hours of time in 2022 (114.25 x $231.49 = $26,447.73), for a total of 120.25 hours ($1,305.24 + $26,447.73 = $27,752.97).  *See* Molloy Decl. ¶ 3; Parnes Decl. ¶ 3.

1     of the record, and when counsel was retained." *Id.*  Although "a district court will always retain

2     substantial discretion in fixing the amount of an EAJA award," *Jean*, 496 U.S. at 163, a reduction

3     of fees greater than 10 percent requires "specific" and "persuasive" reasons from opposing

4     counsel.  *Moreno*, 534 F.3d at 1112, 1116 (holding that "the district court can impose a small

5     reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without

6     a more specific explanation").  Defendant's request here would result in a more than 60 percent

7     reduction in the amount of fees and the amount of hours for which plaintiff's counsel is

8     compensated.  This, however, "is a clear contravention of Ninth Circuit precedent: 'courts cannot

9     drastically reduce awards simply because the attorney has requested compensation for more than

10    forty hours or make reductions with a target number in mind.  Instead, district courts must explain

11    why the amount of time requested for a particular task is too high.  Any other approach fails to

12    give deference to the winning lawyer's professional judgment.'"  *Valle*, 2018 WL 1449414, at *2

13    (quoting *Costa*, 690 F.3d at 1136).

14            Second, and contrary to defendant's suggestions otherwise, "social security disability cases

15    are often highly fact-intensive and require careful review of the administrative record, including

16    complex medical evidence."  *Costa*, 690 F.3d at 1134 n.1; *see also Elizabeth B. v. Kijakazi*, 2023

17    WL 3029261, at *3 (N.D. Cal. Apr. 19, 2023) ("Social security cases involve a myriad of complex

18    legal issues as well as oftentimes a voluminous administrative record.").  This case was no

19    exception.  The administrative record exceeded 1,070 pages and included three sets of

20    administrative hearing transcripts, two ALJ decisions, and over 650 pages of medical records and

21    opinion evidence detailing plaintiff's multiple physical and mental health conditions.  And

22    plaintiff's counsel, who did not represent plaintiff at the administrative level and had to familiarize

23    themselves with the record, prepared a comprehensive motion for summary judgment that raised

24    seven substantive issues, each with multiple components—and nearly all warranted reversal of the

25    ALJ's decision.  As plaintiff correctly notes, her disability claim "had been once remanded by the

26    Social Security Appeals Council, there were three [administrative] hearings, and the issues were

27    complex, involving the combination of mental and physical impairments as well as vocational

28    rules, medical and mental health records, and opinion evidence from numerous sources."  Dkt. 38

United States District Court
Northern District of California

3

at 2.  That plaintiff's counsel collectively spent 79 hours reviewing the record, researching the legal issues, and drafting the motion for summary judgment is not unreasonable or excessive given the extensive administrative record and the need to address the ALJ's treatment of plaintiff's credibility and the opinions of her numerous medical sources.  The same is true for the 35.5 hours counsel spent on the reply brief.  As the Court's 26-page summary judgment order demonstrates, plaintiff's case was factually and legally complex and required substantial analysis of numerous issues.  *See* Dkt. 32.  Under these circumstances, the Court finds the 114.5 hours counsel collectively spent preparing the summary judgment briefing which led to the reversal of the ALJ's decision, and the 5.75 hours counsel spent preparing the present motion for attorneys' fees, are reasonable.  *See Valle*, 2018 WL 1449414, at *2 (awarding $25,092.19 in fees for the 116.9 hours counsel spent appealing the ALJ's decision and the 9.75 additional hours they spent litigating the EAJA fee motion).

Finally, the fact that plaintiff's counsel are "experienced in social security law is not a basis to reduce [their] requested hours."  *Mitford v. Kijakazi*, 2021 WL 6052006, at *4 (N.D. Cal. Dec. 21, 2021) (collecting cases holding same).  Defendant's contention that plaintiff's counsel "should not have needed so much more than the average time (30 hours)" to litigate this case simply because they "are experienced social security practitioners" is rejected.  *See Bell v. Berryhill*, 2018 WL 452110, at *4 (N.D. Cal. Jan. 17, 2018) (rejecting similar argument and noting that plaintiff's "case presented a voluminous record and numerous issues, and the Commissioner offers no more than her unsupported opinion that 'experienced' counsel should have spent less time on various aspects of the litigation"); *Arik v. Astrue*, 2011 WL 1576711, at *6 (N.D. Cal. Apr. 26, 2011) (observing that defendant's "arguments with regard to the amount of time spent on various tasks . . . appear to be based on defense counsel's own opinion, and [defendant] does not provide any expert or other credible authority to suggest that the time billed is unreasonable"), *adopted*, 2011 WL 2470907 (N.D. Cal. June 22, 2011).  Nor does any of counsel's requested time appear to be "unnecessarily duplicative."  *See Moreno*, 534 F.3d at 1113 (explaining that "necessary duplication—based on the vicissitudes of the litigation process— cannot be a legitimate basis for a fee reduction" and "[i]t is only where the lawyer does

United States District Court
Northern District of California

4

*unnecessarily* duplicative work that the court may legitimately cut the hours"); *see also Bell*, 2018 WL 452110, at *4 (recognizing that "representation by two attorneys in a social security case is not automatically unreasonable" and finding that defendant "provided no evidentiary basis" to support reducing counsel's requested hours based on duplication) (citation omitted).

Accordingly, the Court finds that plaintiff's request for $27,752.97 in attorneys' fees is reasonable.  Because plaintiff assigned her EAJA fees to her counsel, *see* Dkt. 36-2, defendant shall pay the amount requested, subject to any offset allowed under the Treasury Department's Offset Program, directly to counsel.[2]

* * *

The Court grants plaintiff's motion for attorneys' fees in the amount of $27,752.97.

**IT IS SO ORDERED.**

Dated: November 30, 2023

ALEX G. TSE
United States Magistrate Judge

[2] Defendant relies on *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010), to argue that "if the Court awards EAJA fees, it must specify that Plaintiff is the payee."  Dkt. 37 at 6.  However, "courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government." *Valle*, 2018 WL 1449414, at *3 (citing cases).

United States District Court
Northern District of California

5